# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KENNETH ROSHAUN REID,** | : | |
|     **Petitioner** | : | |
| | : | No. 1:23-cv-02134 |
| v. | : | |
| | : | (Judge Rambo) |
| **WARDEN GARZA,** | : | |
|     **Respondent** | : | |

### MEMORANDUM

Pending before the Court is pro se Petitioner Kenneth R. Reid ("Petitioner")'s petition for a writ of habeas corpus filed pursuant to the provisions of 28 U.S.C. § 2241 ("Section 2241"). (Doc. No. 1.) For the reasons set forth below, the petition will be dismissed for lack of jurisdiction.

**I.  BACKGROUND**

Petitioner is a convicted and sentenced prisoner in the custody of the Federal Bureau of Prisons. On December 22, 2023, he commenced the above-captioned action by filing the Section 2241 petition. (Doc. No. 1.) Following some initial administrative matters (Doc. Nos. 3, 6), Petitioner filed a motion for leave to proceed in forma pauperis (Doc. No. 4). The Court, having reviewed his motion, will grant him leave to proceed in forma pauperis and will deem his petition filed.

In his petition, Petitioner challenges his conviction and sentence, which were imposed by the United States District Court for the District of South Carolina for conspiracy to distribute cocaine base, murder through the use of a firearm in the

course of a drug trafficking crime, and two (2) counts of unlawful possession of a firearm.  See United States v. Reid, Criminal No. 0:04-00353 (D.S.C. Aug. 4, 2006), aff'd, 523 F.3d 310 (4th Cir. 2008), cert. denied, 555 U.S. 1061 (2008).  He was sentenced to life in prison on the murder charge, two-hundred and forty months (240) in prison for the drug conspiracy charge, and one-hundred and twenty (120) months in prison each for the two (2) firearm charges, all to run concurrently.  See United States v. Reid, Criminal No. 0:04-00353 (D.S.C. Aug. 4, 2006).

Petitioner has previously attempted to challenge his federal conviction and sentence by filing several motions to vacate, set aside, or correct his sentence pursuant to the provisions of 28 U.S.C. § 2255 ("Section 2255"), each of which have been denied by the sentencing court.  His first Section 2255 motion was denied on the merits by the sentencing court in September 2010.  See United States v. Reid, Criminal No. 0:04-353, 2010 WL 3724663 (D.S.C. Sept. 17, 2010) (containing opinion and order dismissing with prejudice his Section 2255 motion), reconsideration denied, 2011 WL 285867 (Jan. 27, 2011), appeal dismissed, 419 Fed. App'x 310 (4th Cir. 2011) (per curiam); see also United States v. Reid, 678 Fed. App'x 148 (4th Cir. 2017) (per curiam) (dismissing appeal for lack of jurisdiction and as untimely filed).

Petitioner also filed several additional motions, each of which were dismissed for lack of jurisdiction as an unauthorized successive Section 2255 motion.  See

United States v. Reid, Criminal No. 0:04-00353, 2012 WL 8287390 (D.S.C. Sept. 26, 2012) (containing opinion and order dismissing motion construed as an unauthorized successive Section 2255 motion), aff'd in part, dismissed in part, 506 F. App'x 209 (4th Cir. 2013), cert. denied, 133 S. Ct. 2872 (2013); United States v. Reid, Criminal No. 0:04-353 (D.S.C. July 18, 2013) (containing opinion and order dismissing unauthorized successive Section 2255 motion), appeal dismissed, 539 Fed. App'x 271 (4th Cir. 2013) (per curiam); United States v. Reid, Criminal No. 0:04-353 (D.S.C. Dec. 17, 2014) (containing order dismissing motion construed as an unauthorized successive Section 2255 motion), appeal dismissed, 600 Fed. App'x 143 (4th Cir. 2015) (per curiam); United States v. Reid, Criminal No. 0:04-353 (D.S.C. May 4, 2016) (containing order dismissing motion construed as an unauthorized successive § 2255 motion), appeal dismissed, 656 Fed. App'x 24 (4th Cir. 2016) (per curiam); United States v. Reid, Criminal No. 0:04-353 (D.S.C. Aug. 31, 2016) (dismissing motion for lack of subject matter jurisdiction), appeal dismissed, 671 Fed. App'x 108 (4th Cir. 2016) (per curiam) (construing motion as unauthorized successive Section 2255 motion).

Petitioner has also previously filed Section 2241 petitions in this and another court, seeking habeas relief pursuant to the "saving clause" of Section 2255, each of which were denied for his failure to demonstrate that a Section 2255 remedy was inadequate or ineffective. See Reid v. Daniels, Civil Action No. 12-cv-01780, 2012

3

WL 3099996 (D. Colo. July 30, 2012), appeal dismissed, No. 12-1304 (10th Cir. Oct. 26, 2012); Reid v. Daniels, Civil Action No. 1:15-cv-01355, 2016 WL 55100 (M.D. Pa. Jan. 5, 2016), reconsideration denied, 2016 WL 305060 (M.D. Pa. Jan. 25, 2016).

Petitioner has now filed another Section 2241 petition in this Court. (Doc. No. 1.) It appears that he is attempting to argue that an intervening change in the law, in New York State Rifle & Pistol Ass'n, Inc. v. Bruen, 597 U.S. 1 (2022), establishes his actual innocence of the firearm charges. (Id.) As a result of this intervening change in the law, he requests that the Court dismiss his firearm charges from the second superseding indictment. (Id.)

## II.   LEGAL STANDARD

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. § 2254. Rule 4, which is applicable to Section 2241 petitions under Rule 1(b), provides in pertinent part as follows: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." See Rule 4, 28 U.S.C. § 2254; Rule 1, 28 U.S.C. § 2254 (stating that "[t]he district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)[,]" i.e., Section 2254 petitions).

## III.   DISCUSSION

"Since the Judiciary Act of 1789, Congress has authorized federal courts to issue writs of habeas corpus to federal prisoners." Bruce v. Warden Lewisburg USP, 868 F.3d 170, 177-78 (3d Cir. 2017) (citing Act of Sept. 24, 1789, ch. 20, § 14, 1 Stat. 82).[1]  In its current form, this authorization is found at Section 2241 of the Judicial Code, "which provides that federal judges may grant the writ of habeas corpus on the application of a prisoner held 'in custody in violation of the Constitution or laws or treaties of the United States.'" See id. at 178 (quoting 28 U.S.C. § 2241(c)(3)).

Generally speaking, a federal prisoner is required to address his application for a writ of habeas corpus to "the person who has custody over him[.]" See 28 U.S.C. § 2242; Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004) (explaining that, in a habeas challenge, "the proper respondent is the warden of the facility where the prisoner is being held . . . " (citations omitted)).  "The logic of this rule rests in an understanding that the warden . . . has day-to-day control over the prisoner and . . . can produce the actual body." Anariba v. Dir. Hudson Cty. Corr. Ctr., 17 F.4th 434, 444 (3d Cir. 2021) (citations and internal quotation marks omitted)).  Relatedly, "district courts may only grant habeas relief against custodians 'within their

---

[1]  The scope of the writ was later expanded to reach state prisoners. See Bruce, 868 F.3d at 178 (citing Act of Feb. 5, 1867, ch. 28, § 1, 14 Stat. 385).

respective jurisdictions.'" See Bruce, 868 F.3d at 178 (citing 28 U.S.C. § 2241(a)) and Braden v. 30th Judicial Circuit Court of Ky., 410 U.S. 484, 495 (1973) for the following proposition: Section 2241(a) "requires nothing more than that the court issuing the writ have jurisdiction over the custodian").

As explained by the United States Court of Appeals for the Third Circuit ("Third Circuit"), this requirement for federal prisoners to file in their district of confinement "meant that 'the few District Courts in whose territorial jurisdiction major federal penal institutions are located were required to handle an inordinate number of habeas corpus actions far from the scene of the facts, the homes of the witnesses[,] and the records of the sentencing court solely because of the fortuitous concentration of federal prisoners within the district.'" See In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997) (quoting United States v. Hayman, 342 U.S. 205, 213-14 (1952)). In response to this overburdening, and the "serious administrative problems" that it created, Congress responded in 1948 by enacting Section 2255. See Bruce, 868 F.3d at 178 (internal citation omitted) (citing Pub. L. No. 80-773, ch. 646, 62 Stat. 967-68); In re Dorsainvil, 119 F.3d at 249 (explaining that Section 2255 was "deemed necessary" due to the "practical problems" that the federal judiciary was facing in light of the requirement for federal prisoners to file their Section 2241 applications in the district where they are confined).

6

Thus, "the sole purpose" of Section 2255 was, as explained by the United States Supreme Court ("Supreme Court") "to minimize the difficulties encountered in habeas corpus hearings by affording the same rights in another and more convenient forum." See Hayman, 342 U.S. at 219 (citing Parker, Limiting the Abuse of Habeas Corpus, 1948, 8 F.R.D. 171, 175); United States v. Anselmi, 207 F.2d 312, 314 (3d Cir. 1953) (stating that "[S]ection 2255 is a remedial statute the purpose of which is to afford to a convicted federal prisoner a remedy which is the substantial equivalent of the conventional writ of habeas corpus but in a more convenient forum, the original trial court").

It is against this historical backdrop that the following legal principle was put into effect: when a federal inmate is seeking to collaterally attack the validity of his federal conviction or sentence, he must generally do so by way of a motion filed pursuant to Section 2255, rather than Section 2241.[2]   See 28 U.S.C. § 2255(a);

---

[2] Generally speaking, Section 2241 confers jurisdiction over a habeas petition that has been filed by a federal inmate who challenges "not the validity but the execution of his sentence." See Cardona v. Bledsoe, 681 F.3d 533, 535 (3d Cir. 2012) (footnote omitted) (citations omitted); Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005) (stating that Section 2241 "allows a federal prisoner to challenge the 'execution' of his sentence in habeas"). While "the precise meaning of 'execution of the sentence' is hazy[,]" see id. at 242, the Third Circuit has defined this phrase to mean "put into effect" or "carry out" see id. at 243 (citation and internal quotation marks omitted). As a result, a federal inmate may challenge conduct undertaken by the BOP that affects the duration of the inmate's custody. See, e.g., Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1990) (finding that a federal inmate's petition is actionable under Section 2241, where the inmate attacks the term of his custody by challenging the manner in which the BOP is computing his federal

Bruce, 868 F.3d at 178 (explaining that "a federal prisoner's first (and most often only) route for collateral review of his conviction or sentence is under [Section] 2255"); Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002) (stating that motions filed under Section 2255 "are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution" (citation omitted)).  Indeed, the plain text of Section 2255 "provides that a habeas petition filed in the prisoner's district of confinement 'shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief.'" See Bruce, 868 F.3d at 178 (emphasis added by the Bruce Court) (quoting 28 U.S.C. § 2255(e)).

However, Congress carved out a narrow exception, known as the saving clause,[3] which allows a federal inmate to resort to Section 2241 if he can establish

---

sentence).  And a federal inmate may also challenge BOP conduct that "conflict[s] with express statements in the applicable sentencing judgment." See, e.g., Cardona, 681 F.3d at 537 (providing that a federal inmate's petition is actionable under Section 2241, where the inmate attacks the execution of his sentence by showing that the BOP acted in a way that is "inconsistent with a command or recommendation in the [inmate's] sentencing judgment").  Here, however, Petitioner's grounds for relief do not concern the execution of his sentence—that is, they do not challenge how BOP prison officials are carrying out or putting into effect his federal sentence. See Woodall, 432 F.3d at 243.

[3]  This exception is oftentimes referred to as the "safety valve" provision or "saving clause." See Voneida, 88 F.4th at 236 (citations omitted).

that "the remedy by motion [under Section 2255] is inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255(e); Okereke, 307 F.3d at 120. Importantly, however, "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended [Section] 2255." See Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002) (citations omitted). Instead, this Section "exists to ensure that petitioners have a fair opportunity to seek collateral relief" and not "to enable them to evade procedural requirements." See Cradle, 290 F.3d at 539 (citation omitted).

For many years, several Courts of Appeals, including the Third Circuit, "found a workaround" for prisoners in the saving clause and held that Section 2255 "was 'inadequate and ineffective' under the saving clause—and that [Section] 2241 was therefore available—when [Section 2255(h)(2)'s] second-or-successive restrictions barred a prisoner from seeking relief based on a newly adopted narrowing interpretation of a criminal statute that circuit precedent had foreclosed at the time of the prisoner's trial, appeal, and first [Section] 2255 motion." See Jones v. Hendrix, 599 U.S. 465, 477 (2023) (citing, inter alia, In re Dorsanvail).

However, on June 22, 2023, the Supreme Court expressly held in Jones that Section 2255(e) does not permit such "workaround[s]" or "end-run[s]" to Section 2255(h). See id. at 477. The Supreme Court reasoned that Section 2255(h)

9

"'specifies the two circumstances under which a second or successive collateral attack on a federal sentence' via [Section] 2241 'is available, and those circumstances do not include an intervening change in statutory interpretation.'" See Voneida, 88 F.4th at 237 (quoting Jones, 599 U.S. at 490). The Supreme Court further reasoned that "[t]he inability of a prisoner with a statutory claim to satisfy those conditions does not mean that he can bring his claim in a habeas petition under the saving clause. It means that he cannot bring it at all." See Jones, 599 U.S. at 480 (explaining that "Congress has chosen finality over error correction in his case"). Accordingly, following Jones, the saving clause contained in Section 2255(e) "does not permit a prisoner asserting an intervening change in statutory interpretation to circumvent [the] restrictions on second or successive [Section] 2255 motions by filing a [Section] 2241 petition." See id. at 472.

Here, Petitioner's Section 2241 petition, which is expressly premised on the saving clause of Section 2255(e) (Doc. No. 1 at 3), must fail. After his federal conviction became final, Petitioner filed several motions to vacate, set aside, or correct his sentence pursuant to the provisions of Section 2255. Therefore, the instant Section 2241 petition before this Court is a "second or successive" motion within the meaning of Section 2255(h). The legal basis for Petitioner's Section 2241 petition is an intervening change in statutory interpretation, which, allegedly, renders him actually innocent of his firearm convictions (i.e., New York State Rifle & Pistol

10

Ass'n, Inc. v. Bruen, 597 U.S. 1 (2022)).  See, e.g., (Doc. No. 1 at 1, 3).  As explained by the Supreme Court in Jones, however, this is not one of the limited exceptions set forth in Section 2255(h).  See Jones, 599 U.S. at 471 (explaining that "[Section] 2255(e)'s saving clause does not permit a prisoner asserting an intervening change in statutory interpretation to circumvent [Section 2255(h)'s) restrictions on second or successive [Section] 2255 motions by filing a [Section] 2241 petition"); see also Folk v. Sage, No. 3:23-cv-00071, 2023 WL 5211631, at *3 (M.D. Pa. Aug. 14, 2023) (concluding that the Section 2241 petition, which sought relief in light of Bruen, was foreclosed by Jones).

Thus, because Petitioner has not demonstrated that Section 2255 is "inadequate or ineffective to test the legality of his detention," the Court concludes that his petition is not authorized by Section 2255(e).  See id. at 477–78 (holding that Section 2255(h)'s restriction—which prevents a federal prisoner from filing a second or successive motion to vacate his sentence based on a more favorable interpretation of statutory law adopted after his conviction became final and his initial motion to vacate sentence was resolved—does not make the prisoner's remedy, by way of a motion under Section 2255, inadequate or ineffective to test the legality of his detention, so as to allow that prisoner, under the saving clause, to seek relief pursuant to Section 2241).  Thus, for all of these reasons, the Court will dismiss the instant Section 2241 petition for lack of jurisdiction.

## III. CONCLUSION

Accordingly, Petitioner's Section 2241 petition will be dismissed for lack of jurisdiction. (Doc. No. 1.) An appropriate Order follows.

Dated: January 18, 2024                         <u>s/ Sylvia H. Rambo</u>
                                                SYLVIA H. RAMBO
                                                United States District Judge